No. 39,333

Ott Andrews, *Appellee,* v. Bechtel Construction Company and Pacific Indemnity Company, *Appellants.*

(267 P. 2d 469)

Opinion filed March 6, 1954.

*George K. Melvin,* of Lawrence, was on the briefs for the appellants.

*Richard A. Barber,* of Lawrence, argued the cause, and *Jack C. Maxwell* of Lawrence, and *A. D. Mason,* of Tulsa, Oklahoma, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. The trial court made findings of fact and allowed compensation. Respondents bring the case here and contend (1) the evidence was insufficient to sustain the court's finding that claimant's disability was a direct result of an accidental injury suffered in the course of his employment and (2) they were prejudiced for want of statutory notice of the injury. The pertinent part of the court's findings to which respondents take exception is as follows:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The court further finds that the claimant, Ott Andrews, on September 17, 1952, met with personal injury by accident which arose out of and in the course of his employment with Bechtel Construction Company, the respondent, and which resulted in his temporary total disability for a period of 10.43 compensable weeks,   .   .   .

"The court further finds that the claimant failed to show notice to the employer of the accident, stating time, place and particulars thereof, within ten days as specified by Section 44-520 of the General Statutes of Kansas 1949, but that respondent has failed to prove that it has been prejudiced thereby.

"The court further finds that, when claimant reported his injury to his foreman, the foreman suggested that claimant go to the company doctor but the foreman did not know the doctor's name; that claimant then stated to his foreman that he would rather be at home, that he might be laid up for some time; that the foreman made no effort under the circumstances to seasonably provide the services of a physician or surgeon and hospital treatment, including nursing, and made no objection to claimant returning to Tulsa, his home, and procuring medical, hospital and nursing services."

.   .   .   .   .   .   .   .   .   .   .   .   .   .

Under G. S. 1949, 44-556, appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered and in so considering, this court is required to view all testimony in the light most favorable to the prevailing party below. If when so considered, the record contains any evidence which supports the

trial court's judgment, that judgment must be affirmed; being conscious at all times of the fact that this court has little concern with disputed questions of fact in ordinary lawsuits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence would justify the trial court's finding or conclusion of fact. (*Shue v. LaGesse,* 173 Kan. 309, 245 P. 2d 966; 5 Hatcher's Kansas Digest [Rev. Ed.], Workmen's Compensation, § 153; West's Kansas Digest, Workmen's Compensation, § 1940 and § 1969.)

With these well established rules of law in mind, we will consider respondents' first contention whether there is sufficient evidence to sustain the trial court's finding that claimant's injury arose out of and in the course of his employment. It was agreed that respondent Bechtel Construction Company (appellant) was at all times, pertinent hereto, engaged in the construction business at Lawrence, and claimant Ott Andrews (appellee) was a welder and pipe fitter in its employ. The parties stipulated that they were governed by the workmen's compensation act on the date of the injury; that the relation of employer and employee existed, and that written request for compensation was made as required by law. A review of the record discloses that claimant took a physical examination and test on September 16, 1952, to determine whether he was capable of performing the work for which he sought employment. He passed these tests and went to work for respondent on September 17. At about 3:30 o'clock that afternoon he, with other employees, went to move some pipe in the shop. Claimant picked up a piece of six-inch iron pipe twenty feet long, without assistance, while another employee put a stick under one end to get a cable under it. Claimant felt a pain hit him in the chest running down in his shoulder. He continued working until 4:30 that afternoon. The pain kept getting worse. He did not mention it to the foreman or superintendent that afternoon. He went to the tourist camp where he was living, the pain continually growing worse. He was going to drive to Tulsa that night but thought he should see his boss in the morning. He talked to the man with whom he was staying about his terrific pain. At 6:45 the following morning he drove back to the place of his employment and had a conversation with his boss, telling him he was sick and was going home; that he had a terrific pain. His boss was the foreman of the pipe department. He testified, "I told the boss the next day that I hurt myself." Respondent's foreman urged him to go to the company doctor at Lawrence but did not give him

the name of the doctor. Claimant did not wish to go to the doctor at Lawrence because he thought he might be laid up for some time and wanted to go to his home in Tulsa. The pain got so serious it paralyzed his left arm. He drove to Tulsa alone, arriving there about 11:15 o'clock the same day. He called for Dr. Wilbanks, his family doctor, and the following morning, September 19, X-rays were taken and he was advised to see Dr. Anderson of Tulsa, who examined claimant, made X-rays and sent him to Hillcrest Hospital that night where blood was drawn from the lung to ease the pain. He remained in the hospital three days. On September 24 he returned to the hospital. He was given a blood transfusion, and an operation was performed on September 25. He was in the hospital this time thirteen days.

Dr. Anderson's statement reveals that on September 26 the patient was taken to surgery and it was found there was a laceration of the lower lobe of the left lung. This laceration was found at the site of adhesions between the lower lobe and the diaphragm. While there was no active bleeding present at the time of the surgery, because of the appearance of this laceration it became obvious that this condition was the cause of the bleeding that had taken place at that site. The rest of the lung appeared to be normal in every respect.

Without making an extensive review of the evidence, we are of the opinion there was sufficient testimony upon which the trial court based its finding that the claimant met with personal injury by accident arising out of and in the course of his employment.

Respondents next contend they were prejudiced by lack of notice of the injury. G. S. 1949, 44-520, reads:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That *actual* knowledge of the accident by the employer or his duly authorized agent shall render the giving of such notice unnecessary: *Provided further,* That want of notice or any defect therein shall not be a bar unless the employer *prove* that he has been prejudiced thereby." (Italics supplied.)

No doubt there are many instances whereby the lack of reasonable, prompt notice of the accident would be prejudicial to an employer. However, it is observed the statute contains two provisos. First, actual knowledge of the accident by the employer or his duly authorized agent shall render the giving of such notice unnecessary. Claimant testified, as hereinbefore related, that early in the morning

following the injury he told his boss, the foreman of the pipe department, that he hurt himself and that he had a terrific pain. He did not go into detail as to how he hurt himself. The other proviso places the burden upon the employer to prove that he has been prejudiced by lack of notice. (*Hall v. Kornfeld-Harper Well Servicing Co.*, 159 Kan. 70, 151 P. 2d 688; *McMillin v. City of Salina*, 163 Kan. 575, 576, 184 P. 2d 201; *Parker v. Farmers Union Mut. Ins. Co.*, 146 Kan. 832, 840, 73 P. 2d 1032.) In *Paul v. Skelly Oil Co.*, 134 Kan. 636, 7 P. 2d 73, we held that whether an employer was prejudiced by the failure of the workman to give notice of the accident within the time prescribed by the mentioned statute is a question of fact to be determined by the trial court. In the instant case, respondents introduced no evidence that they were prejudiced by the lack of statutory notice. The trial court in the exercise of its jurisdiction found as a fact that respondents were not prejudiced by claimant's failure to give detailed notice, and the same is binding on this court.

It follows that the judgment of the trial court is affirmed.