No. 41,306

FLOYD E. GALES, *Appellant*, v. PETER KIEWIT SONS' COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY, *Appellees*.

(337 P. 2d 669)

Opinion filed April 11, 1959.

*George E. McCullough*, of Topeka, argued the cause, and *Robert L. Kimbrough, William L. Parker, Jr.*, and *Walter N. Scott*, all of Topeka, were with him on the briefs for the appellant.

*William Hergenreter*, of Topeka, argued the cause, and *Wendell L. Garlinghouse* and *Warren W. Shaw*, both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is a workmen's compensation case. Both the commissioner and the district court denied compensation, and claimant has appealed.

Claimant was a mechanic in the employ of the Peter Kiewit Sons' Company, and his injury was alleged to have been sustained on October 9, 1956, while changing a tire on one of the company's trucks. His claim for compensation was made on January 9, 1957, well within the 180-day period provided by G. S. 1955 Supp. 44-520a.

At the hearing before the commissioner it was stipulated, among other things, that at the time of the alleged accident the relationship of employer and workman existed; that the parties were governed by the compensation act; that a written claim for compensation was made; that no compensation had been paid, and that no medical or hospitalization had been furnished.

Respondent employer denied that claimant sustained personal injury by accident arising out of and in the course of his employment, and denied that it had received notice of the alleged injury as required by statute.

The issues before the commissioner were (1) whether claimant met with accidental injury on or about October 9, 1956; (2) whether the alleged injury arose out of and in the course of his employment; (3) whether notice of claimant's accidental injury was received; (4) the nature and extent of disability, if any; (5) the amount of compensation, if any, due claimant, and (6) whether the alleged injury was an extreme case and if additional medical should be awarded.

After hearing considerable evidence, the commissioner rendered his findings and award, material portions of which are as follow:

"FINDINGS

"It is found, in addition to the admissions of the parties, that: 1) the claimant, on October 9, 1956, met with accidental injury; 2) that this injury arose out of and in the course of his employment with the respondent; 3) that no notice was received of the claimant's accidental injury; 4) It is found further that the claimant suffers a 10 per cent permanent partial disability as a result of said injury; 5) It is found that this is not an extreme case for which additional medical should be provided; 6) An award of compensation should herewith be denied; 7) that the cost of this action should be assessed against the respondent, including the payment of examination and expert testimony of Dr. Clyde B. Trees.

"AWARD

"WHEREFORE, AWARD OF COMPENSATION IS HEREBY DENIED."

On appeal, the district court affirmed the denial of compensation by the commissioner, and the material portions of the journal entry of judgment are:

"Now on this 24th day of June, 1958, after having reviewed the transcript of the evidence furnished by the Workmen's Compensation Commissioner, considered the arguments of counsel, and the briefs submitted by both parties, the court finds that the denial of the award by the commissioner was proper and it, the denial, is affirmed in all respects, that compensation should be denied; and that the fees necessary to defray the costs of the administration of Workmen's Compensation act and the costs of this appeal should be assessed to the defendants.

"It is therefore by the court ordered, adjudged and decreed, that the claim for compensation be and the same hereby is denied, and the fees necessary to defray the costs of the administration of the Workmen's Compensation act and the cost of this appeal be and the same are hereby assessed against the defendants."

Claimant has appealed and, while conceding that he failed to give notice of the accident within the ten-day period provided by statute (G. S. 1949, 44-520), contends that it was error to deny compensation on the ground of no notice—absent a further finding that the employer had been prejudiced by the failure to receive notice.

G. S. 1949, 44-520, provides:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That actual knowledge of the accident by the employer or his duly authorized agent shall render the giving of such notice unnecessary: *Provided further,* That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby."

It will be noted the commissioner found that claimant met with accidental injury arising out of and in the course of his employment, and that he had sustained a ten per cent permanent partial disability as a result thereof. In addition, it was found that the employer had not received notice of the accident within the ten-day period, and the commissioner denied compensation. No finding whatever was made concerning whether the employer was prejudiced by the lack of such notice.

On appeal, the district court, after reviewing the transcript of the evidence, merely found that the denial of compensation was proper and affirmed it—the denial—in all respects.

It seems clear, therefore, that the denial of compensation by the commissioner was based upon the want of notice, and that the affirmance of the denial was based upon the same ground.

There is nothing in the record to indicate that the question of prejudice, or lack of prejudice, to the employer, was raised before either the commissioner or in the district court on appeal—in fact, the question appears not to have been in issue.

The statute, while providing that no proceedings for compensation shall be maintainable unless notice of the accident be given to the employer within ten days thereafter, nevertheless contains the proviso that want of notice is not a bar unless the employer prove that

he has been prejudiced by the lack of notice. Where no notice has been given within the ten-day period the burden is not on the workman to prove that the employer was not prejudiced—rather the burden is on the employer to prove that he has been prejudiced, and whether an employer was prejudiced by the failure of a claimant to give the prescribed notice is a question of fact to be determined by the district court. (*Hall v. Kornfeld-Harper Well Servicing Co.*, 159 Kan. 70, 75, 151 P. 2d 688, and *Andrews v. Bechtel Construction Co.*, 175 Kan. 885, 889, 267 P. 2d 469.)

Application of the rule to the record before us leads to but one result:

The statutory notice was not given. Such fact, however, under the mandate of the statute, does not preclude recovery unless it was proved by the employer that it had been prejudiced by the want of such notice. Prejudice was neither proved nor found—therefore the denial of compensation patently based on the want of notice was erroneous.

In reaching this conclusion we have given full consideration to respondent appellees' contentions as to the various interpretations to be given the trial court's judgment, but we must take the record as we find it and not resort to speculation. The effect of our decision is merely this—failure to give the statutory notice is not a bar unless it is proved by the employer that he has been prejudiced by the want of such notice.

The judgment is reversed with directions to enter judgment in harmony with the views herein expressed.