No. 41,894

James R. Cooper, *Appellee,* v. Dee Morris and John Lorei (Loirei), d/b/a Dee Morris Motor Company; Universal Underwriters Insurance Company, *Appellants.*

(352 P. 2d 35)

Opinion filed May 14, 1960.

*Granville M. Bush,* of Lyons, argued the cause and was on the briefs for the appellants.

*Arthur C. Hodgson,* of Lyons, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by the employer, a partnership consisting of Morris and Lorei, and its insurance carrier, from a judg-

ment of the trial court adopting findings and affirming an award made in favor of claimant Cooper under the workmen's compensation act.

Claimant, who was employed as a mechanic in respondent's garage, was installing a motor and transmission in a truck after regular working hours on April 23, 1958. He testified that upon "lifting the front end I felt a slight twinge in my back" and that he first realized he had strained his back right after he had done the lifting. He further testified he notified both Morris and Lorei of the injury and discussed compensation report blanks with Lorei the next morning.

The findings of the commissioner, which were adopted by the trial court, were that claimant suffered personal injury by accident on April 23, 1958, which arose out of and in the course of the employment. In addition, the trial court made its own finding of fact No. 3 to the effect that no written notice of the accident was given but that no showing of prejudice was made by the respondent. Since we are not concerned with the computation of compensation, we shall omit the findings pertaining thereto.

Respondent claims the trial court erred in finding there was substantial competent evidence that claimant suffered personal injury by accident on April 23, 1958, which arose out of and in the course of the employment, and its finding of fact No. 3 that there was no showing of prejudice by respondent from failure to give statutory notice was contrary to the evidence.

A careful review of the record shows there was conflicting evidence and that the trial court could have arrived at a different conclusion, but there was also substantial competent testimony to support the findings of fact of the commissioner which findings the trial court affirmed on appeal and adopted as its own.

To reiterate the long-established rules applicable in workmen's compensation cases and adhered to by this court for many years would appear to be repetitious, if not presumptuous, because they have been ably stated, restated, and digested many times including the following more recent cases: *Kafka v. Edwards,* 182 Kan. 568, 322 P. 2d 785; *Davis v. Haren & Laughlin Construction Co.,* 184 Kan. 820, 339 P. 2d 41; *Rakes v. Wright Cooperative Exchange,* 185 Kan. 794, 347 P. 2d 389; *Taylor v. Armour & Co.,* 186 Kan. 51, 348 P. 2d 632. The Kafka case states the appropriate rules and thoroughly discusses them.

In addition to the foregoing, the recent case of *Gales v. Kiewit Sons' Co.*, 184 Kan. 573, 337 P. 2d 669, appears to be analogous because although the statutory notice of the accident was not given to the employer within ten days, it was held that want of such notice was not a bar to an award of compensation unless the employer proved that he had been prejudiced thereby (G. S. 1949, 44-520) and whether the employer was prejudiced thereby was held to present a question of fact.

It seems perfectly clear that the only real question now before this court is whether the record indicates there was substantial competent evidence to support the findings of fact made by the trial court. Since we have answered that in the affirmative, under the above previous rulings of this court those findings will not be disturbed on appeal.

Affirmed.