No. 42,516

Jake Thompson, *Appellant*, v. Heckendorn Manufacturing Company and Hartford Accident and Indemnity Company, *Appellees*.

(367 P. 2d 72)

Opinion filed December 9, 1961.

*Albert M. Ross*, of Kansas City, argued the cause, and *Harold K. Wells* and *James M. Barnett*, of Kansas City, were with him on the briefs for appellant.

*David H. Fisher*, of Topeka, argued the cause, and *Irwin Snattinger, Donald Patterson, C. K. Sayler* and *Jack L. Summers*, of Topeka, were with him on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: In this workmen's compensation case the commissioner found that the relationship of employer and workman did not exist between the claimant and the respondent, Heckendorn Manufacturing Company, at the time the claimant sustained personal injury resulting in the loss of his right eye, and denied an award of compensation. Upon appeal, the district court found that the claimant's injury did not arise out of and in the course of his employment with the respondent and affirmed the order of the commissioner denying compensation.

The parties concede the sole question presented for appellate

review is whether there was substantial evidence to support the district court's findings.

Claimant was employed by the respondent as a salesman of new and used power mowers and worked approximately half time for respondent and half time for another employer, doing sales work in both instances.

There was evidence that on February 13, 1959, claimant returned home from a sales trip in behalf of respondent. After parking the truck furnished him by respondent on the street in front of his home, he walked through the garage to go into his home to call a prospective purchaser for a mower he had secured on his trip. As he walked through the garage, he struck his head on the crossbeam above a low door in his garage. After receiving the blow, he continued on into his home and telephoned the prospect that he had the mower on his truck but he would not be out to show it that evening because he had struck his head and had a bad headache. His condition was diagnosed as a detached retina. Later, the right eye was enucleated and claimant was supplied with an artificial eye sometime after August, 1959.

The question whether disabling injuries to a workman arose "out of" and "in the course of" the employment and to what extent and duration the physical efficiency of the workman has been impaired is a question of both law and fact to be determined by the workmen's compensation commissioner, and the district court on appeal. In the exercise of that jurisdiction, it is the duty of those tribunals to apply their best judgment and determine, among other things, whether those conditions exist, and if found to exist, to make just and reasonable awards based upon the evidence (*Daugherty v. National Gypsum Co.*, 182 Kan. 197, 318 P. 2d 1012), keeping in mind, however, that the burden of proof is upon the claimant to establish that both conditions exist. (*Rush v. Empire Oil & Refining Co.*, 140 Kan. 198, 200, 34 P. 2d 542; *Brenn v. City of St. John*, 149 Kan. 416, 422, 87 P. 2d 546; *Burns v. Topeka Fence Erectors*, 174 Kan. 136, 254 P. 2d 285; 9 West's Kansas Digest [Part. 2], Workmen's Compensation, § 1339, p. 588.)

The supreme court is limited on appellate review to "questions of law" which, in the final analysis means that its duty is to determine whether the findings of the district court are supported by substantial evidence. (G. S. 1959 Supp., 44-556; *Cooper v. Morris*, 186 Kan. 703, 352 P. 2d 35; *Cody v. Lewis & West Transit Mix,*

186 Kan. 437, 351 P. 2d 4, and cases cited.) In *Heer v. Hankamer Excavating Co.*, 184 Kan. 186, 334 P. 2d 372, it was said:

". . . It has been held many times that in reviewing the record in a workmen's compensation case our task is to determine whether there is any evidence which supports the judgment rendered, which is required to be considered in the light most favorable to the prevailing party below, and, if there is any evidence to support the judgment it must be affirmed even though the record discloses evidence which might warrant the district court making a finding to the contrary. (*Barr v. Builders, Inc.*, supra; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197; *Shobe v. Tobin Construction Co.*, 179 Kan. 43, 292 P. 2d 729.) Numerous decisions of like import will be found in 9 West's Kansas Digest, Workmen's Compensation, §§ 1940-1969, and 5 Hatcher's Kansas Digest (Rev. Ed.), Workmen's Compensation, § 153." (l. c. 187.)

In *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370, it was said:

". . . It is not for us to say what testimony should be given credence and what evidence should be disbelieved. We have neither the duty nor the authority to weigh the evidence, and it is of no consequence that if we had been the triers of fact we might have reached a conclusion with respect to the facts different from that of the trial court. . . ." (l. c. 186.)

As previously stated, the sole question here is whether the record contains substantial evidence to support the findings of the district court. We are not disposed to extend this opinion by laboring the evidence. It is sufficient to say there was evidence which, if believed, would warrant a reversal of this case, but having reviewed the record in the light most favorable to the prevailing party below, we are compelled to conclude that from the evidence and reasonable inferences which the compensation commissioner and the district court were entitled to draw, it may not be said that the judgment denying compensation because claimant's injury did not arise out of and in the course of his employment with respondent finds no support in the evidence, or, stated another way, that the evidence compels an award to the claimant as a matter of law.

The judgment is affirmed.