No. 42,515

WILLIAM GRADY ROWTON, *Appellee*, v. RAINBO BAKING COMPANY, and ROYAL INDEMNITY COMPANY, *Appellants*.

(366 P. 2d 796)

Opinion filed December 9, 1961.

*Richard C. Hite*, of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson*, and *H. W. Fanning*, all of Wichita, were with him on the briefs for the appellants.

*Orval L. Fisher*, of Wichita, argued the cause, and *Clarence N. Holeman*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal in a workmen's compensation proceedings where the commissioner made findings and granted an award in favor of the workman. On appeal to the district court such award and findings, plus two additional findings of its own, were adopted by the trial court and this appeal therefrom was perfected by the respondent employer and its insurance carrier.

The facts, in brief, are that claimant was employed by respondent as a janitor, and on March 21, 1959, at approximately 4:00 p. m. while claimant was cleaning a "Pan-O-Mat", he suffered a cutting pain in his chest. He tried to continue working but the pain increased in severity to the extent that he had difficulty in getting his breath. No one else was in his employer's place of business at the time. About 4:30 p. m. he went home, ate his supper, and retired. Between 4:00 and 5:00 o'clock the next morning the pain became much worse and he vomited. A doctor was called and claimant was immediately taken to the hospital where his injury was diagnosed as coronary thrombosis.

Since the trial court approved and adopted the findings of the commissioner and made the two additional independent findings that it did in regard to notice and the only question involved in this case is whether respondent had notice of the accidental injury, in considering that point we are faced with these particular findings of fact by the trial court:

Respondent had notice of claimant's accidental injury and written claim was timely made; a payment made on September 18, 1959, could only be considered as a voluntary informal payment by the respondent to claimant; such payment was made by respondent as additional compensation to claimant; there was no evidence the parties believed or maintained the payment of September 18, 1959, was owed under any accident or health insurance policy, and, in fact, both taxes and social security were withheld from the payment of compensation. The trial court found this to be a voluntary payment of compensation which supported the finding that written claim and notice were timely made and given.

Respondent and its insurance carrier are here attempting to have this court do what we have held on numerous occasions we are not permitted to do under the workmen's compensation act, and that

is to re-examine the facts for the purpose of making different findings from those of the trial court. They admit our jurisdiction on appellate review is limited to the determination of questions of law (G. S. 1959 Supp., 44-556; *Rutledge v. Sandlin,* 181 Kan. 369, 370, 310 P. 2d 950; *Cross v. Wichita Compressed Steel Co.,* 187 Kan. 344, 346, 356 P. 2d 804) and this extends only to an examination of the record to ascertain if there is any competent, substantial evidence to support the findings of the trial court.

Summarized, the pertinent evidence here is that after receiving information of his father's heart attack and the fact that he was in the hospital, claimant's son, on March 22, 1959, told respondent's superintendent "about it." The superintendent testified claimant's son told him his father had had a heart attack early that morning and he would not be back to work for a while. Insurance forms to be filled out by claimant and his doctor were obtained from the respondent by claimant's son. According to the testimony of respondent's office manager, these forms referred to group accident and health insurance provided by respondent from which checks for claimant totaling $892.65 were received by respondent from its insurance carrier and then turned over to claimant. Conversations were had between claimant and respondent's superintendent and president regarding a check claimant received from respondent dated September 18, 1959, for $40.42 which represented gross earnings of claimant in the amount of $51.00 less social security and withholding taxes. During these conversations, which took place for approximately two weeks prior to September 18, 1959, claimant asked to be permitted to come back to work but respondent's officers told him they had decided it would be better not to let him come back because they were afraid he would come back and work too hard.

In *Almendarez v. Wilson & Co.,* 188 Kan. 303, 362 P. 2d 1, a workman was injured on November 27, 1957. He "suffered out" the rest of that day's work, did not return to work the next day because it was Thanksgiving, and later was off work from time to time. He merely told his employer that he was sick. He became totally disabled on February 12, 1958, at which time he reported to his employer that his back was troubling him, but still he did not indicate any claim of compensation for the reason he was afraid his employer would let him go. Subsequent to an operation, which caused some permanent disability, the employer discharged the workman who

on July 14, 1958, filed a workmen's compensation claim. This court affirmed the finding of the trial court that the workman's claim for compensation was filed in time. We think our present case is much stronger than the Almendarez case regarding respondent's actual knowledge of claimant's accidental injury (G. S. 1949, 44-520) and from the overall record we cannot agree with respondent's contention there is no evidence to support the findings of the trial court. We think the trial court was correct in its ruling.

The judgment is affirmed.