### No. 43,485

WILLIAM F. MORGAN, *Claimant-Appellant*, v. AUTO TRANSPORTS, INC., *Respondent-Appellee.*

(386 P. 2d 230)

Opinion filed November 2, 1963.

*Robert L. Boyce, Jr.,* of Kansas City, Kansas, argued the cause and *Howard Washburn,* of Kansas City, Kansas, and *Homer Hines, Philip Ehli* and *Robert*

*E. Stewart,* all of Kansas City, Missouri, were with him on the briefs for the appellants.

*Thomas M. Van Cleave, Jr.,* of Kansas City, Kansas, argued the cause and *Willard L. Phillips, P. B. McAnany, James J. Lysaught* and *John J Jurcyk, Jr.,* all of Kansas City, Kansas, were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The appellant here was hired by his employer, the appellee, as a driver of a transport truck or tractor-trailer rig. On July 20, 1960, in St. Louis, Missouri, while climbing up to check his load, appellant fell on his head, resulting in a fractured skull and a shoulder injury. He was brought to Kansas City by air and treated by respondent's physician. He returned to work for respondent in October, 1960.

A workmen's compensation hearing was held and an award of 12 weeks total, and a 15% permanent partial disability of the body was made on July 17, 1962.

On August 3, 1962, respondent appealed to the Wyandotte district court. As a result, the findings of the workmen's compensation Examiner were adopted as to total temporary but the partial permanent disability of the body as a whole was reduced to 5%. Claimant now appeals to this court.

The statement of the district judge points out that there was considerable conflict in the medical testimony in the case. In giving his order, the court said:

"After careful consideration, I have made the following findings and conclusions in this case:

"I find that the Claimant was injured on July 20, 1960, at St. Louis, Missouri, when he slipped and fell from an automobile trailer a distance of some nine feet. The accident arose out of and in the course of the Claimant's employment. The Claimant suffered a skull fracture and a dislocation of the shoulder, which was described by the physicians as being a coracoclavicular separation.

"The Claimant testified that he has worked continuously since October, 1960, but complains of back and shoulder pain and frequent headaches. The medical testimony in the case was conflicting. Doctor Francisco rated the disability as 5% permanent partial and Doctors Edgar W. Johnson, Jr. and Earl C. Sifers both examined the Claimant on one occasion each and found no disability.

"Dr. Frank L. Feierabend rated the disability at 25% of the body as a whole and then testified that in making this rating he did not take into consideration brain damage. He testified that it was a simple cerebral concussion with no evidence of gross brain damage.

"Dr. John Magalif, a neuro-psychiatrist, testified that the Claimant was suffering a 25% disability of the body as a whole as a result of brain damage.

On cross-examination he testified that he found no evidence of organic brain damage, but was of the opinion the Claimant was suffering from functional disorders, which in his opinion was based on mental symptoms exhibited by the Claimant.

The Court is of the opinion that the preponderance of the evidence establishes only a 5% permanent partial disability and that the Claimant is entitled to the statutory allowance for such partial disability.

"The Court will adopt the findings of the Examiner as to the total temporary award made by the Examiner and will order that any compensation which might now be due and unpaid on the temporary total disability for twelve weeks be paid in a lump sum and that any compensation which might have accrued at the rate of 5% since that time up to this time be paid in a lump sum and that the future compensation for the statutory rate and amount be paid weekly.

"Counsel will please prepare and submit an appropriate journal entry of judgment."

Claimant urges upon us the wide difference in the estimates of disability given by the doctors—two of whom rated the disability at 25% of the body as a whole. It is not within the jurisdiction of the appellate court to pass upon questions of fact on appeal in a workmen's compensation case. The statute states for one appealing to this court that our jurisdiction in an ordinary workmen's compensation hearing is limited to questions of law. (G. S. 1961, 44-556.) See *Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846; *McDonald v. Rader*, 177 Kan. 249, 277 P. 2d 652; *Kafka v. Edwards*, 182 Kan. 568, 570, 571, 322 P. 2d 785; *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 156, 325 P. 2d 59; *Cross v. Wichita Compressed Steel Co.*, 187 Kan. 344, 346, 356 P. 2d 804; *Love v. Kirwin*, 187 Kan. 760, 359 P. 2d 881; *Price v. McSpaden*, 188 Kan. 578, 581, 363 P. 2d 533; *Lutz v. Gehring Contractor-Builder, Inc.*, 188 Kan. 690, 692, 366 P. 2d 281; *Thompson v. Heckendorn Manufacturing Co.*, 189 Kan. 77, 367 P. 2d 72.

Whether disabling injuries are permanent in quality and partial in character, and if so, to what extent and duration the physical efficiency of the workman has been impaired, is a question of fact to be determined by the workmen's compensation director and the district court on appeal. Our review of the record convinces us there was substantial evidence to support the district court's finding that the claimant sustained a 5% permanent partial disability. The judgment is affirmed.