No. 44,987

JAMES E. PHILLIPS, *Claimant-Appellee*, v. HELM's INC., *Respondent-Appellant*, and UNITED STATES FIDELITY AND GUARANTY COMPANY, *Insurance Carrier-Appellant*.

(439 P. 2d 119)

Opinion filed April 6, 1968.

*Walter Fuller, Jr.*, of Kansas City, argued the cause and was on the brief for Respondent-Appellants.

*Eldon L. Hagan*, of Kansas City, argued the cause and was on the brief for Claimant-Appellee.

The opinion of the court was delivered by

FROMME, J.: The respondent, Helm's Inc., and its insurance carrier, United States Fidelity and Guaranty Company, appeal from an award made to the claimant, James E. Phillips, in a workmen's compensation case.

The workmen's compensation examiner entered an award in favor of James E. Phillips and this award was approved by the director. The district court on appeal refused to change the award.

We will refer to the employer and its insurance carrier as the respondents and to the workman as the claimant.

The director's award was appealed to the district court. The court's decision was not journalized. The decision was handed down in the form of a letter addressed to the attorneys who appeared in the case. The court merely advised the parties as follows:

"The appeal of the respondent, Helm's, Inc., *et al.*, is hereby denied, with costs to the respondent."

This court cannot condone such a practice. The district court

should set forth findings of fact or adopt the findings of the director. (*Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429; *Fisher v. Rhoades Construction Co.*, 188 Kan. 792, 365 P. 2d 1101.) When this is done there is a definite frame of reference from which this court may determine the claims of error. In certain cases this court has found it necessary to reverse the decision of the district court and has remanded the case with instructions to make specific findings. (*Fisher v. Rhoades Construction Co.*, supra.)

There is no statutory requirement that a district court make findings of fact on the issues before it in *workmen's compensation cases* but experience indicates that findings of fact are essential in many cases if we are to determine the questions presented on appeal. In cases where the award of the director is affirmed by the district court the court may merely adopt the findings of the director by reference, without making separate detailed findings. When this is done the basis for the decision is disclosed in the record which includes the findings and the award of the director.

All parties to this appeal proceed as if the district court did adopt the findings and the award of the director when it denied the appeal of the respondents. This court will examine the questions raised here as if the district court adopted the findings and award of the director as set forth in the record on appeal.

The parties prior to a trial before the examiner stipulated as follows:

"The parties stipulated that the relationship of employer and workman existed between this claimant and this respondent at the time of the alleged accident February 3, 1965; That the parties were governed by the Act of Kansas: that the average weekly wage was $117.41; that written demand for compensation was made within time; that the issues herein are: (1) whether or not the claimant suffered an accidental injury; (2) if so, whether the same arose out of and in the course of claimant's employment; (3) whether or not the respondent had knowledge or notice within ten days, and if not, whether it was prejudiced thereby; (4) the nature and extent of claimant's disability; and (5) the amount of compensation due, if any."

The findings of the examiner, which are the basis for the award, were approved by the director. They are as follows:

"The Examiner finds that the claimant suffered an accidental injury on February 3, 1965, when the gasoline exploded as the claimant was attempting to start an air compressor; and that this accidental injury arose out of and in the course of claimant's employment.

"The Examiner further finds that the respondent had notice of the aforesaid accident on the day it occurred. He further finds that claimant, as a direct

result of the accidental injury, suffered total temporary general disability for a period of 14 weeks and that thereafter has suffered and will continue to suffer a 5 percent general disability.

"He is, therefore, entitled to weekly benefits for 13 weeks, payable at the rate of $42 per week and thereafter entitled to weekly benefits for a period not to exceed 401 weeks, payable at the rate of $3.52 per week."

Respondents complain that there is no substantial evidence the claimant was on duty when injured February 3, 1965.

The claimant's testimony as summarized in the record reads:

"That he was employed by Helm's Inc. as a tire man, and had been working off and on for two years. That generally speaking his duties were to go to the parking lots of Helm's customers, and repair any tires on vehicles before the customer's work day started. He drove a truck on which was installed an air-compressor operated by a one-cylinder gasoline engine. On February 3, 1965, he went to the premises of Concrete Materials, Inc. at 18th & Bayard, Kansas City, Kansas, to inspect the truck tires and repair any tires that needed repairing. He was alone. In trying to start the compressor at about 6:00 o'clock a. m., the air-compressor backfired, and his right arm caught fire. He jumped from the truck and fell on his right side. He reported the occurrence the same day to the acting foreman. He went to a Dr. Love.

"(Cross-examination) The truck Phillips was using was a new Ford truck with a ¾ Ton body, flat bed with sides on it that come up waist high. There was a step on the back. He was satisfied that the occurrence took place on February 3.

"He did not go back to work after February 3. His back and arm bothered him at the time of trial. He worked February 1, February 2, and February 3, and worked no more for Helm's, Inc. after February 3, 1965."

The medical report of Dr. Love shows the claimant was treated on February 4, 1965, the day following the alleged accident.

There was other conflicting evidence on the issues but the district court apparently accepted the findings of the examiner and director. This court on appeal is concerned only with evidence which proves, or tends to prove, the findings made by the trial court and not with evidence which would actually support a contrary finding. (*Walker v. Finney County Water Users Ass'n*, 150 Kan. 254, 257, 92 P. 2d 11; *Carney v. Hellar*, 155 Kan. 674, 678, 127 P. 2d 496; *Barr v. Builders, Inc.*, 179 Kan. 617, 619, 296 P. 2d 1106.) The award is based upon substantial and satisfactory evidence which is relevant, reasonable and persuasive.

Respondents complain the application for hearing (Form E-1) refers to an injury consisting of burns to claimant's right arm and does not mention the back injury.

In *Scammahorn v. Gibraltar Savings & Loan Assn.*, 197 Kan. 410, 416 P. 2d 771, we said:

"In compensation cases the issues are resolved at the commencement of the hearing before the examiner by stipulations of the parties. At the hearing the parties have the opportunity to present evidence on the issues defined, including any defenses asserted by the respondent and its insurance carrier. (*Place v. Falcon Seaboard Drilling Co.,* supra.)" (p. 414.)

In *Place v. Falcon Seabord Drilling Co.,* 186 Kan. 523, 350 P. 2d 788, it was said:

"It is well settled that a written claim for compensation prescribed by G. S. 1959 Supp. 44-520a need not take on any particular form so long as it is in fact a claim. (*Fitzwater v. Boeing Airplane Co.,* 181 Kan. 158, 164, 309 P. 2d 681.)" (p. 528.)

. . . . . . . . . . . . . .

"In compensation cases the issues are resolved at the commencement of the hearing by stipulations of the parties, and prior to the hearing the employer and the insurance carrier are in constant contact with the claimant and receive copies of all medical reports. At the hearing they have every opportunity to hear all the testimony in support of the claim for compensation and upon the close of the claimant's case, may proceed to establish any defense they may have.

"Under the facts and circumstances of this case, we cannot say that, because the claimant stated in his claim for compensation that the injury to his back was diagnosed as spondylolisthesis, the judgment of the district court on appeal was prejudicial or erroneous since the medical testimony was more than ample to sustain such award and judgment." (p. 528.)

It was stipulated at the hearing before the examiner that one of the issues was "the nature and extent of claimant's disability." No limitation is indicated thereby. At the hearing the respondents had every opportunity to proceed with any defense they might have. The scope of the issues is governed by the stipulations made by the parties prior to the hearing before the examiner.

Two orthopedic surgeons who examined the claimant testified as to the injury and the extent of disability. The claimant testified his back injury was received on February 3 when his clothing caught fire and he jumped from the truck. The extent of all injuries received in this accident was within the scope of the issues outlined at the commencement of the hearing before the examiner.

The respondents deny receipt of notice of the accident as required by K. S. A. 44-520. The statute reads:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That actual knowledge of the accident by the employer or his duly authorized agent shall

render the giving of such notice unnecessary: *Provided further,* That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby."

The claimant testified that he reported the accident to the acting foreman. The examiner specifically found the respondent had notice of the accident on the day it occurred.

Notice to an immediate superior has been held sufficient notice to the employer. (*Cross v. Wichita Compressed Steel Co.,* 187 Kan. 344, 348, 356 P. 2d 804; *Taylor v. Missouri Pac. Rld. Co.,* 146 Kan. 668, 669, 73 P. 2d 62.)

Although the above disposes of the claim of lack of notice it should be noted an employer claiming lack of notice has the burden of proving prejudice. (*Gales v. Kiewit Sons' Co.,* 184 Kan. 573, 337 P. 2d 669.) An award is not barred by lack of notice unless the employer has been prejudiced thereby. (*Anderson v. Air-Capitol Manufacturers,* 190 Kan. 106, 108, 372 P. 2d 294.)

No prejudice to the employer appears in the record submitted to this court.

We have carefully examined all contentions of the respondent-appellants and find no prejudicial error.

The judgment is affirmed.