No. 49,089

HAROLD F. PIKE, *Appellant,* v. THE GAS SERVICE COMPANY, *Appellee.*

(573 P.2d 1055)

Opinion filed January 21, 1978.

*James P. Johnston,* of Sowers, Carson & Johnston, of Wichita, argued the cause and was on the brief for the appellant.

*Douglas D. Johnson,* of Kassebaum & Johnson, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The claimant, Harold F. Pike, appeals from the district court's denial of workers' compensation benefits. The examiner and the director granted an award. The district court denied an award and found ". . . that plaintiff [claimant] sustained injury or injuries arising out of and in the course of the employment with defendant [respondent] on August 3, 1973, and prior thereto; that Notice of Injury, pursuant to K.S.A. 44-520 was not given to the defendant, and therefore, judgment should be entered for defendant."

K.S.A. 44-520 provides:

"Proceedings for compensation under this act shall not be maintainable unless notice of the accident, stating the time and place and particulars thereof, and the name and address of the person injured, shall have been given to the employer within ten (10) days after the accident: *Provided,* That actual knowledge of the accident by the employer or his duly authorized agent shall render the giving of such notice unnecessary: *Provided further,* That want of notice or any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby."

We have repeatedly held that lack of notice to the employer, which notice is required by K.S.A. 44-520, does not bar a claim for workers' compensation unless the employer has been prejudiced thereby. (*Andrews v. Bechtel Construction Co.*, 175 Kan. 885, 888, 267 P.2d 469; *Gales v. Kiewit Sons' Co.*, 184 Kan. 573, 337 P.2d 669; *Cooper v. Morris,* 186 Kan. 703, 705, 352 P.2d 35.) Before a workers' compensation claim, otherwise valid, should be denied because of lack of the notice required by K.S.A. 44-520 the employer must successfully bear the burden of proving prejudice resulting from the lack of notice. (*Phillips v. Helm's Inc.,* 201 Kan. 69, 73, 439 P.2d 119.) Whether an employer is prejudiced by lack of notice is a question of fact to be determined by the trial court. (*Andrews v. Bechtel,* supra, Syl. 3.)

During the hearing before the examiner in this case the employer alleged prejudice from lack of notice. At the conclusion of the hearing the examiner found that notice of the injury had been given, and it therefore became unnecessary to consider the question of prejudice. The district court did not agree with the examiner and found the claim should be denied for failure to give notice of the injury.

Notice of the injury required by K.S.A. 44-520 is a question of fact and on appeal we accept the district court's negative finding. The trial court was not required to adopt the evidence introduced by claimant bearing on this question. However, under the statute want of notice does not bar a claim "unless the employer prove that he has been prejudiced."

A court when called on to inquire into the existence of prejudice from a defect in or lack of the notice required by K.S.A. 44-520 should consider that the purpose of this notice statute is to afford the employer an opportunity to investigate the accident and to furnish prompt medical treatment. (*Paul v. Skelly Oil Co.,* 134 Kan. 636, 639, 7 P.2d 73.) Prejudice may arise if claimant's

injury is aggravated by reason of the inability of the employer to provide early diagnosis and treatment. Prejudice may also result if the employer is substantially hampered in making an investigation so as to prepare a defense. (3 Larson's Workmen's Compensation Law, §78.32, pp. 15-56 to 15-63.)

The four issues presented to the examiner at the hearing were:

"1. Did the claimant meet with personal injury by accident on the date alleged which arose out of and in the course of his employment?

"2. Did the claimant give notice of the accident and file his written claim as required by law?

"3. What was the nature and extent of the disability suffered as a result of the accident, if any?

"4. What amount of medical expenses, incurred, future and/or unauthorized, should be allowed and ordered paid?"

The district court found the first issue in favor of claimant. The second issue raised is in two parts: the first part concerns notice of the accident as required by 44-520 which we have discussed, and the second part concerns the requirement in K.S.A. 44-520a that written claim for compensation be served within two hundred (200) days after the accident, or within two hundred (200) days after the date of the last payment of compensation. The district court did not reach the question of whether the written claim for compensation had been timely filed.

The examiner after reviewing the respective positions of the parties on the question of the timeliness of the written claim found in favor of the claimant even though the claim was not filed until December 17, 1974, 501 days after the alleged injury occurred. There was evidence that certain hospital and medical expenses incurred by the claimant were paid from proceeds of an insurance policy obtained through the respondent employer. The policy had been issued incidental to the employment of the claimant. The time for filing a written claim under K.S.A. 44-520a may be extended under certain circumstances when it appears a claimant has been provided with payments for medical services under an insurance plan other than that required by the terms of the worker's compensation act and at the time the payments are made is unaware of his rights under the act.

In *Johnson v. Skelly Oil Company*, 180 Kan. 275, 303 P.2d 172, an employee was covered by a group insurance plan. The employee was injured in the course of his employment but the trial court denied an award because of failure to file written claim

within the time required by the statute. On appeal this court stated:

". . . The hospital insurance plan covered only nonindustrial injuries and the assignment of benefits thereunder is of no significance in determining respondent's rights and liabilities to claimant for compensable injury under the provisions of the Workmen's Compensation Act. Except as provided in G.S. 1949, 44-537, an employer is either under the act and subject to its terms or he is not, and the act does not contemplate that an employer, being subject to its terms, may arrange some insurance plan, which would provide for payments other than those prescribed by the terms of the act, and by making a few payments under such plan, persuade a claimant to take a course of action inconsistent with his rights under the act and then take advantage of claimant's position. (*Wells v. Eagle-Picher M. & S. Co.*, 148 Kan. 794, 802, 85 P.2d 22.) . . .

". . . Respondent cannot persuade claimant to take a course of action and then take advantage of his position. In *Wells v. Eagle-Picher M. & S. Co.*, supra, this court held that payments made for medical care under an insurance plan, which did not conform to the act, were compensation and tolled the statute with respect to the time for filing claim. . . ." (p. 282.)

In the present case it is apparent that certain additional factual determinations must be made by the trial court. First, the issue of prejudice to the employer under K.S.A. 44-520 should be determined. Second, if no prejudice to the employer is found from the evidence introduced before the examiner, then the trial court must determine the timeliness of the written claim. Third, if the trial court should find the payments for hospital and medical services fall within the rule enunciated in *Johnson* and that written claim was filed within two hundred (200) days after the last payment was made, then the remaining issues raised before the examiner should be considered, *i.e.*, the nature and extent of the disability suffered and the amount of medical expenses.

One additional argument of respondent in support of the trial court's judgment should be considered. The respondent contends the evidence before the examiner established not only no notice of injury was given but also the employer received a claim under the hospital insurance policy advising it that claimant's injuries were not work connected. It is urged that this notice which is in conflict with the later claim of coverage should remove the requirement in K.S.A. 44-520 that the employer prove he has been prejudiced by lack of notice. In other words we are urged to hold that when an employer receives notice from the worker that an injury is not work connected, proof of the giving of such erroneous notice should establish prejudice *per se.*

Again we must look to the purpose of this notice statute. There can be little doubt that such a notice would give an employer reason for not investigating an accident and reason for not offering to provide early diagnosis and treatment. The injury might be aggravated by reason of the employer's inability to provide early diagnosis and treatment. The employer might be hampered in making a timely investigation of the accident so as to prejudice the preparation of a defense.

If the time, place or particulars of the injury are erroneously given, the statute provides that knowledge by the employer of the accident renders the giving of such notice unnecessary. See the first proviso in K.S.A. 44-520. Under the second proviso of the statute "any defect therein shall not be a bar unless the employer prove that he has been prejudiced thereby." Notice that an injury is not work connected is a defective notice if in fact the injury arose out of and in the course of the employment. The examiner, director and the district court all determined that claimant sustained injury or injuries arising out of and in the course of the employment. It must have been fairly apparent in the present case that the notice to the employer was erroneous. The claimant was either mistaken, misled or ignorant of his rights under the act when the notice was given. Such an erroneous notice cannot be held to result in prejudice *per se* so as to bar a valid claim for compensation under the worker's compensation act.

In summary we hold that although the district court found notice of the injury was not given to the employer as required by K.S.A. 44-520 it failed to determine whether the employer had been prejudiced. Such a finding of prejudice was required before judgment could be entered for the defendant. The judgment in favor of the defendant-employer is reversed and the case is remanded for further proceedings in accordance with the views expressed herein.