(606 P.2d 479)

No. 50,914

ALICE L. MORGAN, *Appellee,* v. INTER-COLLEGIATE PRESS and HOME INSURANCE COMPANY, Respondent and Insurance Carrier, *Appellants,* and KANSAS WORKMEN'S COMPENSATION FUND, *Appellee and Cross-Appellant.*

Opinion filed February 8, 1980.

*J. Nick Badgerow,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellants.

*Albert M. Ross,* of Barnett & Lerner, Chartered, of Kansas City, for the appellee.

*James R. Shetlar,* of Mission, for appellee and cross-appellant.

Before FOTH, C.J., SPENCER and PARKS, JJ.

PARKS, J.: Inter-Collegiate Press, the employer, and the Kansas Workmen's Compensation Fund appeal from an order granting an award to the claimant, Alice L. Morgan, and allocating equal liability for the award between the employer and the Fund.

Claimant's employment application in 1973 indicated that she had a preexisting back condition. Her immediate supervisor was aware of her back problems and knew she wore a back brace. After claimant was trained to perform all the jobs within her department she was assigned to the waxing machine. The operation of this machine entailed frequent and repetitive bending and twisting and Alice complained that the work caused her considerable back pain. As a result, she was moved from the waxer to a sit-down job but eventually was reassigned to the machine by a different supervisor, Rose Sakaitas, in May 1976. Rose testified that Alice constantly complained of headaches and backaches, that her complaints were more frequent when she worked on the waxer, and that all of the employees complained more when assigned to the waxer because it was an unpleasant job.

Claimant continued to work with the waxing machine until her termination on July 8. Her employment was terminated for excessive absenteeism but only four of her 51 absences were attributed to personal illness. On August 21, Alice entered the hospital where she had surgery to repair a herniated disc. She filed this action for workers' compensation in January, 1977.

The examiner found claimant suffered personal injury by accident as a result of her employment between May and July 1976. He also found that the employer and the Workmen's Compensation Fund did not have notice of claimant's accident but were not prejudiced by this deficiency. The examiner awarded claimant all reasonable medical expenses from May to the date of her release from the hospital and apportioned these expenses to be paid 50% by the employer and 50% by the Fund. The director modified the examiner's findings by holding that the employer and the Fund had notice of the accident, but the district court reversed the director and completely adopted the findings of the examiner.

The employer and the Fund contend that the trial court erred in determining that the claim for compensation was timely filed. Alice's claim was filed outside of the 200-day statute of limitations of K.S.A. 1979 Supp. 44-520a and was therefore untimely unless the provisions of K.S.A. 1979 Supp. 44-557(c) apply to extend the limitation period. Section 44-557(a) imposes a duty on employers to report to the director of workers' compensation all employment related accidents which they know to have incapacitated an employee. The failure to do so extends the statute of limitations to one year if the employee has given the notice

required by K.S.A. 1979 Supp. 44-520. Furthermore, actual knowledge of the employer may substitute for written notice by the injured employee. In *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, Syl. ¶ 3, 347 P.2d 235 (1959), it was stated:

"[I]f the employer has actual knowledge of the accident, the injured workman is excused from giving the notice required under the provisions of G.S. 1949, 44-520, and failure of the employer to file a report of accident with the commissioner of an accident to an employee, which occurs in the course of his employment, extends the limitation of time within which to commence a proceeding under the workmen's compensation act to one year."

Thus, the timeliness of Alice's claim depends on whether the employer had knowledge of her injury.

Our scope of review in workers' compensation cases is limited to issues of law. K.S.A. 1979 Supp. 44-556(c). The timeliness of a claim is primarily an issue of fact (*Riedel v. Gage Plumbing & Heating Co.*, 202 Kan. 538, 449 P.2d 521 [1969]) which should not be disturbed on appeal if it is supported by substantial competent evidence. *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 185-186, 334 P.2d 370 (1959). In determining whether evidence is substantial and competent, the record is viewed in a light most favorable to the prevailing party (*Makalous v. Kansas State Highway Commission*, 222 Kan. 477, 486, 565 P.2d 254 [1977]), even though there is evidence which supports a contrary finding. *Phillips v. Helm's Inc.*, 201 Kan. 69, 439 P.2d 119 (1968).

Appellants contend that even when viewed in the best light, claimant's generalized complaints of back pains were not substantial enough to provide notice of the injury to the employer. The disability suffered by claimant occurred over several months' time through repeated aggravation to her back condition, but a disability need not be the sudden result of a single accident to be compensable. *Demars v. Rickel Manufacturing Corporation*, 223 Kan. 374, Syl. ¶ 3, 573 P.2d 1036 (1978). Furthermore, the measure of knowledge in these cases is the information conveyed by objective facts. For example, in *Rowton v. Rainbo Baking Co.*, 189 Kan. 74, 366 P.2d 796 (1961), the Court upheld a finding of actual knowledge when the employer knew that claimant suffered a heart attack but did not know the attack began at work or was brought on by work-related activity. See also *Almendarez v. Wilson & Co.*, 188 Kan. 303, 362 P.2d 1 (1961).

In the present case, claimant repeatedly told her supervisor that her work on the waxer resulted in back pain and this knowledge

by the supervisor must be imputed to the employer. *Phillips v. Helm's Inc.,* 201 Kan. at 73. Considering the gradual onset of the injury, there is very little more claimant could have said or the employer could have known about the accident. It is therefore in keeping with these cases and a liberal interpretation of the workers' compensation law that we conclude that the specific and repetitive complaints of Alice Morgan provided substantial evidence for the trial court's determination that the employer had knowledge. This conclusion also forecloses any need to consider the issue of prejudice. K.S.A. 1979 Supp. 44-520.

The employer contends that even if it had knowledge of the injury, it had no duty to file an accident report since the injury was not incapacitating. Once again, the language of the workers' compensation laws is not to be strictly construed. *Clifford v. Eacrett,* 163 Kan. 471, 183 P.2d 861 (1947). K.S.A. 1979 Supp. 44-557 must be applied in light of its obvious purpose of encouraging recognition of claim-producing accidents so that injured employees may be notified of their rights to compensation. *Wilson v. Santa Fe Trail Transportation Co.,* 185 Kan. at 742. We conclude that there was substantial competent evidence for the trial court's finding that the claim was timely filed under the one year statute of limitations. K.S.A. 1979 Supp. 44-557(c).

The second point on appeal is that the trial court erred in awarding compensation for past medical expenses. The controlling statute is K.S.A. 1979 Supp. 44-510(b), which states in pertinent part:

"If the employer has knowledge of the injury and refuses or neglects to reasonably provide the benefits herein required, the employee may provide the same for himself or herself, and the employer shall be liable for such expenses subject to the regulations adopted by the director."

Since Inter-Collegiate Press had knowledge of the injury and the claimant is not required to demand that the employer provide the benefits, it follows that the trial court did not err in including in its award and judgment the medical expenses incurred by claimant. *Cross v. Wichita Compressed Steel Co.,* 187 Kan. 344, 349, 356 P.2d 804 (1960).

We turn now to the issue raised by the cross-appeal of the Fund concerning the allocation of liability between itself and the employer. The trial court divided the assessment equally and both parties claim they should be completely free of any liability.

The workers' compensation law seeks to encourage employment of handicapped workers by completely relieving employers of the responsibility of paying for injuries which would not have been sustained "but for" the preexisting condition. K.S.A. 1976 Supp. 44-567(*a*). In order to apply this statute, the following questions must be answered: (1) was there substantial competent evidence that the employer knowingly hired or retained a handicapped employee; and (2) was there substantial competent evidence for the trial court's allocation of liability between the employer and the Fund.

The burden is placed on the employer to prove that he knowingly retained a handicapped person. *Hinton v. S. S. Kresge Co.,* 3 Kan. App. 2d 29, 592 P.2d 471 (1978), *rev. denied* 225 Kan. 844 (1979). At the time of this action Section 44-567(*b*) only imposed a prerequisite that the employer had knowledge of the preexisting condition. The requirement that knowledge be evidenced by a Form 88 filed with the director was not made effective until July 1, 1977, and has no bearing on this case. See *Baum v. Greyhound Corp.,* 3 Kan. App. 2d 456, 601 P.2d 6 (*rev. denied* 7/13/79). The Fund does not dispute that claimant's preexisting back condition rendered her a handicapped person under K.S.A. 1979 Supp. 44-566. The Fund does argue, however, that the employer did not prove that it knew that claimant was handicapped.

Evidence is substantial and competent if it possesses something of substance and of relevant consequence, or is evidence which furnishes a substantial basis of fact from which the issues presented can be reasonably resolved. *Hardman v. City of Iola,* 219 Kan. 840, 549 P.2d 1013 (1976). Here the evidence was that claimant's employment application revealed a history of back trouble, that she wore a back brace when she began working for Inter-Collegiate Press, and that her supervisor *at that time* was aware of her condition. The provisions imposing liability upon the Fund are to be liberally construed to carry out the legislative intent of encouraging employment of handicapped workers. *Leiker v. Manor House, Inc.,* 203 Kan. 906, 913, 457 P.2d 107 (1969). We conclude that substantial evidence was presented to meet the employer's burden of proving it knowingly hired a handicapped worker.

Finally, we must determine whether the trial court's apportionment of the award was supported by the evidence. The

medical testimony concerning the cause of claimant's injury was uncontroverted. Her physician, Dr. Nathan Shechter, testified as follows:

"Q. Do you have an opinion, Dr. Shechter, as to whether or not the symptoms which Mrs. Morgan described to you as coming on gradually in the course of her movement in her job, would have occurred had she had a normal back without the preexisting history of ten years of—may I say 'chronic low back pain' and the preexisting January leg symptoms?

"A. That is hard to say, but certainly with the preexisting condition that she did have, *it's more likely than not that she would have this condition with herniation of the disc than if it was not chronic over a period of time.*" (Emphasis supplied.)

The employer's doctor, Harry Overesch, also agreed that the back injury was more probable as a result of Ms. Morgan's preexisting condition:

"A. I think that her preexisting history and condition was most pertinent to the causation of her present problem in May of 1976 in that *if it weren't for that prior condition and problems and treatment that she had that most likely she would not have sustained this accident in May of 1976.*" (Emphasis supplied.)

There was no other medical testimony concerning the cause of the claimant's back injury and it would thus appear that this evidence was reliable and uncontradicted.

"Uncontradicted evidence which is not improbable or unreasonable cannot be disregarded by a district court in a workers' compensation case unless it is shown to be untrustworthy; and such uncontradicted evidence should ordinarily be regarded as conclusive." *Demars v. Rickel Manufacturing Corporation,* 223 Kan. at 380.

Where the only medical evidence presented established that the injury most probably would not have occurred absent the handicap, the Fund must be held completely liable for the expenses. We conclude that the trial court erred in failing to apply the "but for" rule set forth in K.S.A. 1976 Supp. 44-567 and hold that the Fund is required to pay the entire award. *Barke v. Archer Daniels Midland Co.,* 223 Kan. 313, 573 P.2d 1025 (1978).

The judgment below is affirmed insofar as the award of compensation and past medical expenses and reversed insofar as the allocation of liability for the award between the employer and the Fund. The case is remanded to the trial court for further proceedings in accordance with the views herein expressed.