(594 P.2d 684)

No. 50,456

JESSE DAVID OATES, *Claimant-Appellee,* v. POST & DANLEY TRUCK LINES, *Respondent-Appellee,* and EMPLOYERS INSURANCE OF WAUSAU, *Insurance Carrier-Appellee,* and KANSAS WORKER'S COMPENSATION FUND, *Appellant.*

Opinion filed May 11, 1979.

*Alvin F. Grauerholz,* of Grauerholz Law Office, of Coffeyville; and *Lee H. Routledge,* of the Kansas Insurance Department, of Topeka, for appellant.

*Morris Hildreth,* of Coffeyville, for claimant.

*Aubrey Neale,* of Neale & Neale, of Coffeyville, for respondent and insurance-carrier-appellees.

Before ABBOTT, P. J., REES and MEYER, JJ.

MEYER, J.: Jesse David Oates (claimant) was employed as a truck driver for Post & Danley Truck Lines (respondent). On December 22, 1975, he struck his head against a crank while uncoupling the tractor and trailer of his rig. Six hours later he became ill and was taken to a hospital. It was determined that he had suffered a subarachnoid hemorrhage caused by the rupture of a congenital arteriovenousmal formation on the left side of his head. In September, 1975, approximately four months before this occurrence, while working for another employer, claimant had suffered what was then diagnosed as a probable occlusion of a small branch of the middle cerebral artery. When he applied for a job with respondent in October, 1975, his physical examination report showed that he had recently suffered a "mild cerebral vascular accident." Respondent's owner and operator, Mr. Post, questioned claimant about this condition and was assured by claimant that he was "all right."

The sole issue on appeal is the liability of the Workmen's Compensation Fund (Fund) for claimant's award. The examiner

found the Fund not liable. The director and the trial court held otherwise and assessed the entire award against the Fund.

K.S.A. 1974 Supp. 44-566(b) provides:

"A 'handicapped employee' means one afflicted with or subject to any physical or mental impairment, or both, whether congenital or due to an injury or disease of such character the impairment constitutes a handicap in obtaining employment or would constitute a handicap in obtaining reemployment if the employee should become unemployed and his handicap is due to any of the following diseases or conditions . . . cerebralvascular accident."

K.S.A. 1974 Supp. 44-567 provides in part:

"(a) An employer operating within the provisions of the workmen's compensation act who knowingly employs or knowingly retains in his employment a handicapped employee, shall be relieved of liability for compensation awarded or be entitled to an apportionment of the costs thereof as follows:

"(1) Whenever a handicapped employee is injured or is disabled or dies as a result of an injury and the director awards compensation therefor and finds that the injury, disability or the death resulting therefrom probably or most likely would not have occurred but for the preexisting physical or mental impairment of the handicapped employee, all compensation and benefits payable because of the injury, disability or death shall be paid from the workmen's compensation fund.

. . . .

"(b) In order to be relieved of liability under this section, the employer must prove either that he had knowledge of the preexisting impairment at the time he employed the handicapped employee or that he retained such handicapped employee in his employment after acquiring such knowledge. The employer's knowledge of the preexisting impairment may be established by any evidence sufficient to maintain the employer's burden of proof with regard thereto."

The examiner found that the blow to claimant's head caused by striking the crank would not have resulted in disability but for his preexisting condition. K.S.A. 1974 Supp. 44-567 (a) (1). However, the examiner concluded that respondent lacked knowledge of claimant's preexisting impairment at the time he was hired. K.S.A. 1974 Supp. 44-567(b). The examiner reasoned that although respondent was aware of claimant's previous cerebralvascular accident, it was not aware of any "continuing impairment" constituting a handicap. The director disagreed, concluding that a preexisting impairment need not be "demonstrably disabling"in order to make a person a "handicapped employee" as long as a reservation remains in the mind of the employer when deciding whether to hire an individual. The trial court agreed with the director and this appeal followed.

The Fund urges us to adopt the examiner's position that knowledge of a previous accident or injury is not sufficient as knowledge of a preexisting "impairment." We recently addressed

this point in *Hinton v. S. S. Kresge Co.,* 3 Kan. App. 2d 29, 592 P.2d 471 (1978), where we held that the question of whether a particular impairment such as by accident or injury is of such a character as to constitute a handicap in obtaining employment is one of fact (3 Kan. App. 2d at 33). *Hinton* affirmed a finding by the trial court that the employer's knowledge of an accident where by the employee suffered a contusion of the back was not in itself sufficient knowledge that the employee was "handicapped."

In the present case, we agree with the director and the trial court that the Fund's position, and that of the examiner, is too restrictive. Although, as demonstrated in *Hinton,* knowledge of a particular accident or injury may not be sufficient as knowledge of an impairment constituting a handicap, the determination must be on a case by case basis. An employer's knowledge of an "impairment" within the meaning of K.S.A. 1974 Supp. 44-567(*b*) must be viewed in connection with the fact that cerebral vascular accident is one of the specific diseases or conditions set out in K.S.A. 1974 Supp. 44-566(*b*) from which impairment constituting a handicap may be due. The statute clearly contemplates that one who has had a cerebral vascular accident is a "handicapped employee."

In making the factual determination of whether the impairment is of such a character as to constitute a handicap in obtaining or retaining employment, it is of no consequence that the individual fails to exhibit a continuing disability. *Cf. Hardwick v. General Motors Corporation,* 206 Kan. 182, 476 P.2d 244 (1970), where the employee although completely recovered from injuries sustained to his back in an automobile accident remained a handicapped employee due to a congenital back disorder discovered in the treatment of the automobile injuries. In a similar vein, it has consistently been held that it is immaterial that the individual returns to his prior occupation and receives a wage equal to or greater than his wage before his injury. *Cody v. Jayhawk Pipeline Corporation,* 222 Kan. 491, 493, 565 P.2d 264 (1977).

Here, claimant's impairment was a congenital arteriovenous-mal formation which had previously manifested itself in a cerebral vascular accident. Respondent had knowledge of this event and questioned claimant about it, thereby demonstrating a reservation about hiring someone with such a history. There is substantial competent evidence to support the trial court's finding to

the effect that claimant was a "handicapped employee" at the time of his employment and that respondent had knowledge of his preexisting "impairment."

Affirmed.