(611 P.2d 173)

No. 51,268

BILLY HUGH HAMPTON, *Claimant-Appellee,* v. PROFESSIONAL SE-
CURITY COMPANY, *Respondent-Appellee,* and CNA INSURANCE
COMPANY, *Insurance Carrier-Appellee,* and KANSAS WORKMEN'S
COMPENSATION FUND, *Appellant.*

Opinion filed May 23, 1980.

*Charles A. O'Hara,* of O'Hara, Busch, Johnson & Falk, of Wichita, for the appellant.

*Walter A. Sawhill,* of Sawhill & Underhill, of Haysville, for the claimant-appellee.

*Stephen J. Jones,* of Hershberger, Patterson, Jones & Roth, of Wichita, for the appellees Professional Security Company and CNA Insurance Company.

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: This is an appeal by the Workmen's Compensation Fund from an award granted to claimant Billy Hampton, and from the imposition of all liability on the Fund.

Hampton underwent back surgery as a result of a 1968 injury and was awarded workers' compensation benefits for a 55% permanent partial disability. Due to his back condition, Hampton

remained unemployed for an eight-year period. In 1976, claimant began working for respondent, Professional Security Company, where he suffered the accident involved in this case. Prior to hiring claimant, the company president questioned Hampton about his work record and expressed concern that Hampton's back condition might hamper his ability to work.

On April 12, 1977, Hampton tripped over a chain which was linked between metal posts bordering the parking lot of a plant he was assigned to patrol. Hampton testified that he felt an immediate warming sensation in the small of his back, but reported to fellow employees that only his "pride was hurt." Following this accident, Hampton underwent back surgery and was determined to be 20% permanently partially disabled.

Respondent Professional Security Company, its insurance carrier CNA Insurance Company, and the Fund all contend: (1) that the claimant did not establish that he was injured and (2) that if Hampton was injured, compensation must be limited to medical expenses and temporary total disability payments.

The existence of an injury is a factual question which must be upheld on appeal if supported by substantial competent evidence. *Day and Zimmerman, Inc. v. George,* 218 Kan. 189, 542 P.2d 313 (1975). Furthermore, the evidence must be considered in the light most favorable to the prevailing party. *Day and Zimmerman,* 218 Kan. 189, Syl. ¶ 3. Here the claimant suffered an accident but claimed he was not hurt; he stayed in bed the next day, his usual day off, and then after working a full week, drove from Wichita to Eureka where he was hospitalized, and never returned to work. The examiner, director and trial court all agreed that Hampton sustained an injury as a result of his on-the-job accident. The trial court's finding in this regard is conclusive and will not be disturbed on appeal. *Boyd v. Yellow Freight Systems, Inc.,* 214 Kan. 797, 804, 522 P.2d 395 (1974).

Secondly, it is claimed that Hampton should not receive permanent disability benefits because he suffered no work disability and his condition was improved by the subsequent surgery which reduced his permanent disability from 55% to only 20%. In *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 558 P.2d 146 (1976), the court held that a claimant could recover for a functional disability even though there was no evidence relating the disability to the work being performed by the claimant at the

time of his injury. Thus, the fact that Hampton's disability did not affect his ability to perform a particular job does not bar his right to compensation.

This result in *Anderson* indicates that a compensation award for permanent partial disability is intended to substitute for lost earning power and not simply to recompense loss of ability to perform a certain task. A monetary award cannot replace a lost limb or repair damage to a crippled back, but once such an award is made, the claimant's earning power should be regarded as restored. Therefore, a previous disability rating should not affect the right to a subsequent award for permanent disability.

K.S.A. 1979 Supp. 44-510a lends support to this conclusion. It provides that a reduction in subsequent compensation awards be made when a prior injury contributed to the present permanent disability. However, this reduction only applies during the "weeks for which compensation was paid or is collectible for such prior disability and *which are subsequent* to the date of the later injury." (Emphasis supplied.) Under this statute there is no right to a reduction in compensation unless the prior compensation payments overlap with the present injury. Thus, the absence of any indication that benefits should be reduced when a previous award has been completely paid, supports eligibility for permanent partial disability regardless of the claimant's prior disability rating. We conclude that the district court's finding that claimant sustained a compensable injury must be upheld.

Next, the Fund contends that even if Hampton sustained a compensable injury, it should be free of any liability. The provisions of K.S.A. 1979 Supp. 44-567 shift the burden of compensation to the Fund for injuries sustained by handicapped workers knowingly hired or retained. The Fund argues (1) that Professional Security did not have the requisite knowledge of Hampton's handicap; (2) that the Fund was not properly impleaded; and (3) that if the Fund is liable at all it should only be responsible for the proportion of the disability caused by the pre-existing handicap.

The Fund relies on *Hinton v. S. S. Kresge Co.,* 3 Kan. App. 2d 29, 592 P.2d 471 (1978), *rev. denied* 225 Kan. 844 (1979), to support its argument that because claimant's bad back is not one of the conditions listed as a handicap in K.S.A. 1979 Supp. 44-566, the general knowledge of a prior injury does not equal

knowledge of a handicap. In *Hinton* the claimant sustained an injury to her back which when coupled with a pre-existing back condition made her more susceptible to subsequent accidents. Claimant suffered a second injury to her back as a result of this prior injury and condition, but the employer was held not to have knowledge of the handicap sufficient to impose liability on the Fund. Thus, simple awareness that claimant suffered a back injury was not sufficient to satisfy K.S.A. 1979 Supp. 44-567(*b*).

This case is distinguishable from *Hinton.* There the employer knew only that claimant sustained a back injury which disabled her for a few weeks—it did not know the seriousness of the injury or prognosis for complete recovery. The circumstances of claimant's prior injury in this case obviously indicated a serious health problem. The employer knew that claimant had not worked steadily for an eight-year period as a result of his accident and that he had received Social Security disability payments during that time. Moreover, respondent was concerned about claimant's ability to do the particular tasks the security guard job entailed and specifically questioned claimant about his condition. This concern reflected a knowledge that Hampton was handicapped and could not physically do some work. In our opinion, there is substantial evidence to sustain the trial court's finding that Hampton was hired as a handicapped worker.

The Fund also argues that it should not be liable for the award because it was not properly impleaded prior to the first full hearing. K.S.A. 1979 Supp. 44-567(*d*). This court has construed the term "first full hearing" to mean the first hearing before an examiner at which pretrial stipulations are taken or testimony is presented, although it does not include a preliminary hearing as provided in K.S.A. 1979 Supp. 44-534a. *Safeway Stores, Inc., v. Workers' Compensation Fund,* 3 Kan. App. 2d 283, Syl. ¶ 3, 593 P.2d 1009 (1979). The Fund argues that the March 30, 1978, hearing, which was prior to the date it was impleaded, was the first full hearing and not just a preliminary hearing.

The purpose of a preliminary hearing is to enable the examiner to make an initial determination that a compensable claim has been presented. All of the exhibits and stipulations in this case were consistent with the limited purpose of the preliminary hearing; Hampton testified, his medical bills were exhibited and stipulations were made. The stipulations concerned only the

existence of the employment relationship, timeliness of the claim, notice of an alleged accident, and the claimant's wage statement. Additionally, while this was the only occasion on which the claimant testified, the Fund never sought to cross-examine him at a later hearing and did not at any time prior to this appeal contest having been excluded from the preliminary hearing.

We agree with the trial court that the hearing of March 30, 1978, was a preliminary hearing and that the Fund was properly impleaded.

Finally, the Fund complains that the district court erred in requiring it to pay the full amount of the award under K.S.A. 1979 Supp. 44-567($a$)(1). The only medical testimony presented was that of Dr. Wakim who stated that "but for" the pre-existing back condition, claimant would not have sustained the injury. We hold that because the testimony concerning causation was undisputed, the trial court's application of the "but for" rule must be affirmed. *Morgan v. Inter-Collegiate Press,* 4 Kan. App. 2d 319, Syl. ¶ 4, 606 P.2d 479 (1980).

Affirmed.