(621 P.2d 448)
No. 51,377

PHILLIP M. CARTER, *Appellee,* v. KANSAS GAS AND ELECTRIC COMPANY, *Appellant,* and KANSAS WORKERS' COMPENSATION FUND, *Appellee.*

Opinion filed December 31, 1980.

*Robert A. Vohs* of Vohs and Stratton, and *Ralph B. Foster,* of Wichita, for the appellant.

*Russell Cranmer,* of Wichita, for the appellee Phillip M. Carter.

*Andrew E. Busch* of O'Hara, Busch, Johnson & Falk, of Wichita, for the appellee Kansas Workers' Compensation Fund.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: Kansas Gas and Electric Company, a self-insured employer, appeals from a judgment holding it solely liable for payment of the award in this workmen's compensation case.

In 1969 claimant was hit on the head by an aerial bucket and treated by the company physician as an out-patient for pain in his neck and shoulders. In 1974 he experienced some neck pain, along with numbness in his right hand, blurry eyes, and dizziness. On July 9, 1975, claimant sustained a ruptured disc in his

neck in the course of his employment. Upon examination, it was discovered for the first time that he was suffering from a long-standing degenerative condition in his neck, cervical disc disease. The court awarded compensation based upon a thirty percent permanent partial disability and found "but for" the preexisting degenerative condition, the resulting disability from the July 9, 1975, injury would not have occurred.

On appeal, KG&E argues only that the court erred in finding it failed to show knowledge that claimant was handicapped prior to July 9, 1975, thus holding KG&E solely liable for the award.

The only evidence presented to show notice was medical reports received by KG&E from the company physician in 1969 and 1974. The 1969 report indicated that x-rays were negative. Claimant's condition was diagnosed as muscle spasms due to trauma. The doctor concluded that claimant had no disability and placed no restrictions on his work duties. After examination in 1974 the physician recommended full duty and, after noting some puzzlement regarding claimant's condition, referred him to another physician. In both instances, claimant neither missed a day of work nor filed a claim for compensation.

K.S.A. 1974 Supp. 44-567 provided in relevant part:

"(a) An employer . . . who knowingly employs or knowingly retains in his employment a handicapped employee, shall be relieved of liability for compensation awarded . . . .

"(b) In order to be relieved of liability under this section, the employer must prove either that he had knowledge of the preexisting impairment at the time he employed the handicapped employee or that he retained such handicapped employee in his employment after acquiring such knowledge. The employer's knowledge of the preexisting impairment may be established by any evidence sufficient to maintain the employer's burden of proof with regard thereto."

K.S.A. 1974 Supp. 44-566(b) provided in part:

"A 'handicapped employee' means one afflicted with or subject to any physical or mental impairment, or both, whether congenital or due to an injury or disease of such character the impairment constitutes a handicap in obtaining employment or would constitute a handicap in obtaining reemployment if the employee should become unemployed and his handicap is due to any of the following diseases or conditions . . . .

"16. Any physical deformity or abnormality;

"17. Any other physical impairment, disorder or disease, physical or mental, which is established as constituting a handicap in obtaining or in retaining employment."

In *Hinton v. S.S. Kresge Co.*, 3 Kan. App. 2d 29, 592 P.2d 471

(1978), *rev. denied* 225 Kan. 844 (1979), this court held that under K.S.A. 1974 Supp. 44-567 the burden of proving that a "handicapped employee" was "knowingly" retained is on the employer. It was also held that whether a particular impairment is of such a nature as to constitute the employee "handicapped" within the meaning of K.S.A. 1974 Supp. 44-566(*b*) is a question of fact. In that case, the claimant suffered a work-related back injury on May 23, 1975. She received medical care and was off work for four weeks. The employer clearly had knowledge of the injury and the fact that she was off work. Although the doctor had discovered spondylolysis in treating claimant, his report to the employer noted only that she had suffered a contusion to her back and that she was released to work as asymptomatic. On June 23, 1975, claimant returned to work and received a back injury while lifting a box. Under these facts, the trial court found the employer had failed in its burden of proof. The court held that knowledge of the injury resulting in a contusion to the back, in itself, was not sufficient to show knowledge that claimant was a "handicapped employee." This court affirmed, applying the standard of review for a negative finding:

"The effect of a negative finding by a trial court is that the party upon whom the burden of proof is cast did not sustain the requisite burden. Absent arbitrary disregard of undisputed evidence, the finding of the trial judge cannot be disturbed. *Jennings v. Speaker, Executrix,* 1 Kan. App. 2d 610, 571 P.2d 358 (1977)." 3 Kan. App. 2d at 33.

In *Oates v. Post & Danley Truck Lines,* 3 Kan. App. 2d 337, 594 P.2d 684 (1979), the claimant had suffered a cerebral vascular accident in September, 1975. In October, 1975, when he applied with the employer this was disclosed and he was questioned about his condition. In December, 1975, he suffered a work-related injury which impliedly would not have occurred "but for" the preexisting condition. This court affirmed the trial court's finding that claimant's prior cerebral vascular accident constituted a handicap and that the employer had knowledge of the handicap. In doing so, the court held that the determination of whether knowledge of a particular accident or injury is sufficient as knowledge of an impairment constituting a handicap must be made on a case-by-case basis. The court noted that a cerebral vascular accident was one of the specific impairments set out in K.S.A. 1974 Supp. 44-566(*b*). The court also approved the direc-

tor's position that an impairment need not be demonstrably disabling in order to make a person a "handicapped employee" as long as a reservation remains in the mind of the employer when deciding whether to hire an individual.

In *Grounds v. Triple J Constr. Co.,* 4 Kan. App. 2d 325, 606 P.2d 484, *rev. denied* 227 Kan. 927 (1980), the claimant had a history of back trouble of which the employer was personally aware prior to hiring him. The employer was also aware that claimant had suffered a back injury in 1971 for which a workmen's compensation claim had been filed, and that claimant had to wear a back brace. This court allowed the trial court's finding that claimant was a "handicapped employee" and rejected a contention by the Fund that to be "handicapped" an employee must have previously been denied employment due to his impairment.

In *Spencer v. Daniel Constr. Co.,* 4 Kan. App. 2d 613, 609 P.2d 687 (1980), *rev. denied* June 20, 1980, the claimant suffered a back injury at work on July 30, 1975, which was reported to the employer. He missed some work and upon return his supervisor told him to "take it easy," and not to bend, stoop or lift. This court affirmed an apportionment to the Fund of an award based on a second work-related back injury suffered on August 22, 1975. It was stated:

"It is unrealistic to say that a worker who does heavy construction work and complains of these symptoms does not have a physical impairment that constitutes a handicap in obtaining or in retaining employment. If he were to tell a prospective employer in the heavy construction business about his symptoms, he would not be hired; and his own supervisor warned claimant that he might be terminated if he reported his injury through proper channels." 4 Kan. App. 2d at 617.

Finally, in *Hampton v. Professional Security Co.,* 5 Kan. App. 2d 39, 611 P.2d 173 (1980), the claimant had a back injury in 1968 for which he received workmen's compensation benefits. He did not work for eight years until hired in 1976 by the employer. Before hiring the claimant, the company president questioned him concerning his work record and expressed concern that his back condition might hamper his ability to work. This court found substantial evidence to support the trial court's finding that claimant was knowingly hired as a "handicapped employee," rejecting an argument that because "bad back" is not one of the impairments specifically listed in K.S.A. 1974 Supp. 44-566(*b*),

general knowledge of a bad back cannot be sufficient as knowledge of "handicap."

From the foregoing, the following principles can be summarized:

1. The burden of showing that a "handicapped" employee was "knowingly employed or retained" is on the employer.

2. The question of whether a particular impairment is of such a nature as to constitute the employee "handicapped" within the meaning of the statute is one of fact. In this regard, "handicapped" means afflicted with an impairment of such a character as to constitute a handicap in obtaining or retaining employment.

3. The determination must be made on a case-by-case basis.

4. The impairment need not be demonstrably disabling as long as it gives rise to a reservation in the mind of the employer when deciding whether to hire or retain the employee.

5. The employee need not have been previously rejected for employment due to the impairment.

6. The impairment need not be one of the specific "diseases or conditions" listed in K.S.A. 1974 Supp. 44-566(*b*). Subsection 17 of that section includes "[a]ny other physical impairment, disorder or disease, physical or mental, which is established as constituting a handicap in obtaining or in retaining employment."

It is also clear that, where the trial court finds the employer has failed to show it had knowledge of an impairment or that the impairment was of such a nature as to constitute a handicap, such is a negative finding which this court will not disturb absent an arbitrary disregard of undisputed evidence. On the other hand, where the trial court finds such knowledge, this court will affirm such a finding if supported by substantial evidence.

Applying these principles to this case, the trial court found that KG&E's knowledge of the 1969 and 1974 injuries was not sufficient as knowledge that claimant was "handicapped." As in *Hinton,* this is a negative finding. KG&E points to no "undisputed evidence" which it claims the court arbitrarily disregarded. The court found that KG&E was aware of claimant's 1969 and 1974 injuries but that such knowledge was not sufficient to import knowledge that claimant was "handicapped." KG&E argues only that such knowledge should be sufficient. However, the medical records introduced as evidence of KG&E's knowledge show only

that claimant had suffered muscle spasms due to trauma as to the 1969 injury, and an unknown diagnosis but a recommendation of full duty as to the 1974 injury. There is no evidence that KG&E or any other employer considered or would consider these prior injuries as constituting claimant "handicapped" in obtaining or retaining employment. One portion of the trial court's finding is troubling. After finding that KG&E had failed in its burden of proof and that knowledge of the prior injuries was not in itself sufficient as knowledge that claimant was handicapped, the court stated:

"There is no evidence supported by the record, showing that, prior to the date of the accident on July 9, 1975, any person had advised Kansas Gas and Electric that claimant had suffered from Cervical Disc Disease. Additionally, the record clearly shows that the Claimant himself was not apprised of the fact that he was suffering from a Cervical Disc Disease prior to July 9, 1975."

Insofar as the court intimates that KG&E had to have knowledge of claimant's specific disease in order to knowingly retain a "handicapped" employee, it goes too far. Our cases show that knowledge of general back problems can be knowledge of a handicap. Such was the case in *Grounds, Spencer,* and *Hampton.* Without establishing a rule, it appears that in those cases the employer had knowledge of long-standing back problems or knowledge that the particular back injury affected or was likely to affect the employee's ability to work. In *Grounds,* the employer had knowledge of long-standing back problems and that the employee had to wear a back brace. In *Spencer,* the employer knew that the employee had missed work due to the first back injury and the supervisor told him not to do heavy work. In *Hampton,* the employer knew that the employee had been unemployed for eight years due to the injury and evidenced concern over his ability to work. In such cases, it is reasonable to conclude the back problem constituted a handicap in obtaining or retaining employment. On the other hand, a particular back injury need not affect the employee's work ability or employment possibilities. It cannot be simply assumed that a single trauma back injury is likely to have recurring effects, particularly when the employee is released to full work duty by his or her doctor. Such was the case in *Hinton,* and such is the case here.

On the record in this case, it cannot be said that the court erred in finding that KG&E had failed in its burden of proof.

Affirmed.