(701 P.2d 336)
No. 56,491

JOHN RAMIREZ, *Claimant-Appellee,* v. ROCKWELL INTERNATIONAL, *Respondent-Appellee,* and KANSAS WORKERS' COMPENSATION FUND, *Appellant.*

Opinion filed January 31, 1985.

*Derek J. Shafer,* of Topeka, and *Chris Miller,* of Kansas Insurance Department, of Topeka, for appellant.

*Robert D. Caplinger,* of Stillings & Caplinger, Chartered, of Atchison, for respondent-appellee.

No appearance for claimant-appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is an appeal by the Kansas Workers' Compensation Fund from that part of a judgment holding that the Fund is solely liable for the award of compensation to the claimant, John Ramirez.

Claimant was first injured on August 1, 1980, when a valve weighing approximately 600-700 pounds fell against his left knee, fracturing his patella. His leg was placed in a cast. He was on crutches and worked at light work for six weeks. Claimant continued to complain to his supervisors of pain in his injured knee. On February 10, 1981, an orthopedic surgeon gave the employer a written report rating claimant as having a 5 percent permanent partial disability of the left lower extremity as a result of the injury. The physician noted claimant still had aching and pain in the knee.

On February 18, 1981, eight days after the orthopedic report, claimant received the injury that is the subject of this appeal. While claimant was shoveling metal scrap away from his work area, his knee gave way and he incurred a back injury.

The examiner found that the claimant had a 66⅔ percent

disability to the body as a whole as a result of the February 18, 1981, injury; that the injury would not have occurred but for the preexisting knee impairment, but that the employer was liable for the award because it failed to prove that it had knowledge of claimant's preexisting impairment.

On director's review, the director modified the award by finding that the employer had knowledge of claimant's preexisting knee impairment, and therefore the Fund was solely liable for the award. The trial court agreed with the director.

The Fund, in essence, contends that the trial court's findings are not supported by the record and are contrary to the evidence. It appears that the Fund appeals two findings of fact: (1) that the claimant is a handicapped employee within the definition of K.S.A. 44-566(b), and (2) that Rockwell International (Rockwell) knowingly retained a handicapped employee and was thereby relieved of liability for compensation awarded under K.S.A. 44-567(a).

The questions of whether a particular impairment constitutes a handicap and whether an employer has knowledge of the handicap are factual ones. *Hinton v. S. S. Kresge Co.,* 3 Kan. App. 2d 29, 33, 592 P.2d 471 (1978), *rev. denied* 225 Kan. 844 (1979); *Spencer v. Daniel Constr. Co.,* 4 Kan. App. 2d 613, 616-17, 609 P.2d 687, *rev. denied* 228 Kan. 807 (1980). Accordingly, the function of this court on appeal is to determine whether the trial court's findings are supported by substantial competent evidence. *Harris v. Cessna Aircraft Co.,* 9 Kan. App. 2d 334, 678 P.2d 178 (1984). In making this determination, the record is viewed in the light most favorable to the prevailing party. *Makalous v. Kansas State Highway Commission,* 222 Kan. 477, Syl. ¶ 9, 565 P.2d 254 (1977). Moreover, evidence that may support contrary findings is disregarded. *Ippolito v. Katz Drug Co.,* 199 Kan. 309, 310, 429 P.2d 101 (1967).

With these rules in mind, there is substantial competent evidence to support the trial court's finding that claimant is a handicapped employee pursuant to K.S.A. 44-566(b)(15) or (17). Immediately after the accident to claimant's knee, he was taken off his normal work as an arc air operator and assigned to the tool crib so that he could sit down. The claimant was placed in a cast, and he attended physical therapy, which the employer was aware of. Finally, a medical report dated February 10, 1981,

indicated that Dr. Grisolia rated claimant's left knee a 5 percent disability. The finding that the knee injury or impairment constitutes a handicap is supported by the record. The claimant's failure to exhibit a continuing disability or his eventual return to his prior occupation is immaterial to the determination. *Oates v. Post & Danley Truck Lines,* 3 Kan. App. 2d 337, 339, 594 P.2d 684 (1979).

In *Spencer v. Daniel Constr. Co.,* 4 Kan. App. 2d 613, a construction worker who incurred a back injury at work was found to have a sufficient impairment to constitute a handicap. Upon his return to work, the employee was instructed by his supervisor to do only such light work as he could and not to bend, stoop or lift heavy objects. This court stated at page 617:

"It is unrealistic to say that a worker who does heavy construction work and complains of these symptoms does not have a physical impairment that constitutes a handicap in obtaining or in retaining employment. If he were to tell a prospective employer in the heavy construction business about his symptoms, he would not be hired."

Here, the safety supervisor at Rockwell assigned the claimant to light duty (the tool crib) so that he could sit down in compliance with the doctor's instructions. Moreover, upon returning to his duties as an arc air operator, the claimant complained of his knee giving out on him. The trial court did not err in finding that the claimant was a handicapped employee due to his knee injury of August 1, 1980.

K.S.A. 44-567 shifts liability for compensation awarded from the employer to the Fund if the employer knowingly retains a handicapped employee. The Fund contends on appeal that Rockwell did not "knowingly retain" a handicapped employee and should therefore be liable. The district court found that Rockwell had knowledge of claimant's handicap.

The determination of whether an employer had knowledge of a handicap is made on a case-by-case basis. *Oates v. Post & Danley Truck Lines,* 3 Kan. App. 2d at 339. Moreover, knowledge of a particular accident or injury is not necessarily knowledge of an impairment that constitutes a handicap. *Hinton v. S. S. Kresge Co.,* 3 Kan. App. 2d at 33. The employer has the burden of proving that it knowingly hired or retained a handicapped employee. K.S.A. 44-567(b). An impairment need not be demonstrably disabling as long as it gives rise to a reservation in

the mind of an employer in deciding to hire or retain the employee. *Carter v. Kansas Gas & Electric Co.,* 5 Kan. App. 2d 602, 606, 621 P.2d 448 (1980).

Here, the Fund argues no one knew the fractured patella had not healed and thus the employer had no knowledge of the impairment. The trial court found, and the record supports, that the employer knew the defendant had a knee injury and that he still complained of pain in his knee; that only eight days before the accident a qualified orthopedic surgeon had found tenderness in the knee and noted discomfort and pain from enumerated activities, had found crepitation in the joint, atrophy of the left thigh and a permanent partial disability of the knee. Thus, the employer had actual knowledge that claimant had an impairment of the left knee and was handicapped. We agree with the trial court that claimant had an impairment that constitutes a handicap in obtaining or retaining employment. *Carter v. Kansas Gas & Electric Co.,* 5 Kan. App. 2d at 606; K.S.A. 44-566(b).

We have read and considered the recent case of *Hines v. Taco Tico,* 9 Kan. App. 2d 633, 683 P.2d 1295 (1984), and believe it to be distinguishable from the facts of this case. Any employer who has knowledge that an employee or an applicant for employment has had a spinal fusion has knowledge that the person is handicapped, and common sense tells us that the employer will have serious reservations about employing or retaining that person. The idea behind the Fund is to make such a person employable. To us, the *Hines* case tells an employer it is unsafe to hire a handicapped person because the employer will be responsible for any "hidden defects" in the area of the body that is handicapped. Nearly every victim of a spinal fusion is going to have back problems. The number of times problems arise and the severity of them will depend on the type of work performed.

In any event, the facts here are distinguishable from *Hines,* because the claimant was still complaining of pain and discomfort and had concern about his ability to do his regular job, and a physician had found pain and a permanent disability. That no one knew the fracture was unhealed is immaterial. The employer knew the claimant was having problems with his knee, and the obvious conclusion should be that a reasonable person would know the work activities claimant had to perform would aggravate the condition and that an accident like the one that hap-

pened was a distinct possibility. The record supports the trial court's decision.

Affirmed.