(711 P.2d 757)

No. 57,906

VERNA E. SIMMONS, *Claimant*, v. SECURITY NATIONAL BANK, *Respondent-Appellant*, and CASUALTY RECIPROCAL EXCHANGE, *Insurance Carrier-Appellant*, and KANSAS WORKERS' COMPENSATION FUND, *Appellee*.

Opinion filed November 21, 1985.

*Thomas R. Buchanan*, of Shook, Hardy & Bacon, of Overland Park, for the appellants.

*J. Paul Maurin, III*, of Kansas City, for the appellee.

Before ABBOTT, C.J., BRISCOE, J., and STEVEN P. FLOOD, District Judge, assigned.

FLOOD, J.: The sole issue in this appeal is an award of attorney fees by the district court to the Workers' Compensation Fund under K.S.A. 1984 Supp. 44-566a(f). The respondent and insurance carrier (appellants) contend such an award is proper only where the district court has determined that joining the Fund was frivolous. The district court did find that the decision to join the Fund was frivolous but appellants contend this finding cannot be supported by the evidence.

The claimant, Verna E. Simmons, was injured July 30, 1980, while employed by respondent Security National Bank. Her duties included helping customers with safety deposit boxes. She injured her left shoulder initially when she tried to catch a falling safety deposit box. This injury was later diagnosed as a torn rotator cuff. Claimant continued to work for respondent and continued to have incidents of pain in the shoulder when lifting safety deposit boxes.

The respondent and insurance carrier filed their motion to join

the Workers' Compensation Fund on the theory that claimant became a handicapped employee with the initial injury of July 30, 1980, and that the later incidents of pain constituted repeated trauma for which the Fund could be liable.

The claimant settled with respondent and the case was submitted to the administrative law judge on the liability of the Fund. The administrative law judge found that while the claimant's prior physical impairments were somewhat known to the respondent, the repeated incidents of trauma caused no additional disability. The judge therefore found the Fund was not liable and further that respondent should pay the Fund's attorney fees. On review by the director, the nonliability of the Fund was upheld but attorney fees were denied. The director said that previous awards of attorney fees against employers had been limited to cases where the claim against the Fund was virtually baseless. The district court found the Fund was not liable because the medical evidence did not support any aggravation after the initial injury. The court found that whatever disability the claimant had was not sufficient to create in the mind of the employer a reservation when deciding to hire or retain the employee. *Hines v. Taco Tico*, 9 Kan. App. 2d 633, 683 P.2d 1295 (1984). The district court then reversed the Director and awarded attorney fees. The court held the claim against the Fund was frivolous because the respondent was aware early in this case that the medical testimony did not implicate any subsequent injuries in the cause of disability and, further, because the respondent was aware of a lack of "reservation" as required by *Hines v. Taco Tico*, 9 Kan. App. 2d 633.

In support of their argument that the joinder of the Fund was not frivolous, the respondent and insurance carrier point out that the Fund must be joined before the first full hearing (K.S.A. 1984 Supp. 44-567[d]) when medical evidence is not complete and, further, that the *Hines* decision was not handed down until after this case was submitted.

K.S.A. 1984 Supp. 44-566a(f) provides that if it is determined that the Fund is not liable, attorney fees incurred by the Fund "may" be assessed against the party who has impleaded the Fund. In *Baum v. Greyhound Corp.*, 3 Kan. App. 2d 456, 601 P.2d 6, *rev. denied* 226 Kan. 792 (1979), the court dealt with a

denial of attorney fees under this statute where the Fund had been impleaded without proper notice. The court said:

"It is noted that the legislature has used the word 'may' in this statute. To us this means that the matter of awarding attorney fees is at the discretion of the district court. We find no abuse of discretion on the part of the district court in denying these attorney fees." 3 Kan. App. 2d at 458.

We conclude that following *Baum*, the denial or allowance of attorney fees under K.S.A. 1984 Supp. 44-566a(f) is a matter of discretion and does not require a finding that the joinder of the Fund was frivolous. An abuse of discretion exists only when no reasonable man would take the view adopted by the trial court. *Cheek v. Hird*, 9 Kan. App. 2d 248, 250, 675 P.2d 935 (1984).

Joinder of the Workers' Compensation Fund initially was not frivolous. However, the medical evidence was complete before the case was submitted and the *Hines* decision was available before the district court opinion was handed down. The claim against the Fund could have been dismissed at some point, reducing attorney fees. We therefore find no abuse of discretion by the district court in the award of attorney fees.

Affirmed.