(716 P.2d 598)

No. 58,574

DeElla Alice Johnson, *Claimant-Appellee,* v. State of Kansas, Kansas Neurological Institute and State Self-Insurance Fund, *Respondents-Appellants,* and Workers' Compensation Fund, *Appellee.*

Opinion filed April 10, 1986.

*Randall J. Forbes,* of Frieden & Forbes, of Topeka, for appellants.

*Martha M. Snyder,* of Jerry R. Palmer, P.A., of Topeka, for claimant-appellee.

*Derek J. Shafer,* of Topeka, for appellee Workers' Compensation Fund.

Before Rees, P.J., G. Joseph Pierron, Jr., District Judge, assigned, and John W. White, District Judge, assigned.

Rees, J.: In this workers' compensation case, respondents State of Kansas, Kansas Neurological Institute (KNI) and the State Self-Insurance Fund appeal from a district court judgment awarding claimant DeElla Alice Johnson compensation for a 95% work disability and refusing to allocate any of the award against the Workers' Compensation Fund for payment. We affirm.

Respondents first attack the allocation of the award, asserting the district court erred in adopting the director's decision that KNI did not prove it knowingly retained a handicapped employee.

K.S.A. 1985 Supp. 44-567(a) operates to relieve wholly or partially the liability of the employer for second injury claims when the "employer . . . knowingly . . . retains a handicapped employee." The burden of proof, however, is on the employer:

"In order to be relieved of liability under this section, the employer must

prove . . . that the employer retained the handicapped employee in employment after acquiring . . . knowledge [of the preexisting impairment]." K.S.A. 1985 Supp. 44-567(b).

This section continues that "[t]he employer's knowledge of the preexisting impairment may be established by any evidence sufficient to maintain the employer's burden of proof with regard thereto." K.S.A. 1985 Supp. 44-567(b).

These provisions have been held to require liberal construction in order to facilitate the legislative intent of encouraging the employment of handicapped workers (not of solely aiding employers, as KNI contends). *Leiker v. Manor House, Inc.*, 203 Kan. 906, 913, 457 P.2d 107 (1969); *Nuttle v. CertainTeed Corp.*, 10 Kan. App. 2d 225, 227, 696 P.2d 415 (1985). However, the question whether a particular employer has knowledge of the employee's preexisting impairment is a factual question, to be determined on a case-by-case basis. *Ramirez v. Rockwell Int'l*, 10 Kan. App. 2d 403, 404, 701 P.2d 336 (1985); *Hines v. Taco Tico*, 9 Kan. App. 2d 633, 634, 683 P.2d 1295 (1984). The finding against an employer on the issue is a negative one, to the effect that the employer did not sustain the requisite burden of proof cast upon it. Absent arbitrary disregard of undisputed evidence, the finding of the trial judge cannot be disturbed on appeal. *Hinton v. S. S. Kresge Co.*, 3 Kan. App. 2d 29, 33, 592 P.2d 471 (1978), *rev. denied* 225 Kan. 844 (1979).

The reason a problem arises in this case is because the only evidence of knowing retention adduced was the testimony of the director of the Division of General Services for the State of Kansas, one George Welch, the self-described "handler" of the State Self-Insurance Fund. He testified in sum that he had approved a lump sum settlement for a back injury suffered by claimant in 1974, knowing that claimant's disability would eventually manifest itself. The district court adopted the director's finding that this testimony showed knowledge of a handicap, and imputed Welch's knowledge to KNI. The district court refused to assess any part of the award against the Workers' Compensation Fund, however, since KNI had not shown "reservation with respect to hiring or retaining the claimant."

We need not reach consideration of what respondents here consider to be a troublesome application of the reservation concept. Assuming Welch's testimony is sufficient to show knowledge, as we must on review, we nonetheless must disagree

with the respondents' legal conclusion that that knowledge must be imputed to KNI. Respondents do not cite, nor are we aware of, any case in which knowledge of a workers' compensation insurer's adjuster has been imputed to one of the insurer's insured employers. Although several Kansas workers' compensation cases discuss imputation of knowledge in various contexts, the bottom line was the proof or lack thereof of an agency relationship. *Spencer v. Daniel Constr. Co.*, 4 Kan. App. 2d 613, 615, 609 P.2d 687, *rev. denied* 228 Kan. 807 (1980) (knowledge of supervisor imputed to employer); *Grounds v. Triple J Constr. Co.*, 4 Kan. App. 2d 325, 606 P.2d 484, *rev. denied* 227 Kan. 927 (1980) (knowledge of president imputed to employer corporation); *Hinton v. S. S. Kresge Co.*, 3 Kan. App. 2d 29 (knowledge of orthopedic surgeon to whom employer referred injured employees not imputed).

In our view, neither these cases nor the evidence before us mandates the conclusion that the director of the State Self-Insurance Fund was an agent of KNI for the purpose of imputing knowledge to KNI. Furthermore, the rationale of relieving the employer of liability is the presumed impact of the impairment on the hiring and retaining policy of the employer. The State Self-Insurance Fund, on the other hand, processes the workers' compensation claims for almost all of the myriad and state-wide state agencies in Kansas. We fail to see how the goal of encouraging employment of handicapped workers would be facilitated if the recollection of one man in Topeka that he processed a claim is sufficient to show "knowing retention" on the part of a given state agency. And finally, despite respondents' remonstrations to the contrary, the evidence necessary in any one case for the employer to meet its burden of proof to show knowing retention is neither onerous nor overwhelming.

The judgment of a trial court, if correct, is to be upheld, even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision. *State v. Littlejohn*, 236 Kan. 497, 503, 694 P.2d 403 (1984). We therefore hold that the district court did not err in refusing to relieve respondents of responsibility for payment of benefits for claimant's second injury.

As their final issue, respondents dispute the finding of a 95% work disability. We have reviewed the record on appeal, in-

cluding the medical testimony and claimant's graphic and largely uncontroverted testimony concerning her strenuous job requirements. Suffice it to say the 95% disability rating is supported by substantial competent evidence and cannot thus be disturbed. See *Harris v. Cessna Aircraft Co.*, 9 Kan. App. 2d 334, 335, 678 P.2d 178(1984).

Affirmed.